IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 09-CR-0741 |
| v. | Judge Mary M. Rowland |
| LAMAR C. CHAPMAN, | |

**MEMORANDUM OPINION AND ORDER**

Defendant Lamar C. Chapman seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 193). The government does not oppose the request. (Dkt. 198). For the reasons stated below, the motion is granted.

**A. Background Facts**

Chapman is currently serving two sentences imposed to run consecutively. On September 9, 2009, a grand jury returned an indictment charging defendant with six counts of making forged securities, in violation of 18 U.S.C. § 513(a) in Case No. 09 CR 741. A grand jury later returned an indictment charging defendant with four counts of wire fraud in violation of 18 U.S.C. § 1343, in Case No. 10 CR 642. On March 30, 2011, a jury convicted defendant on six counts of making forged securities in Case No. 09 CR 741 and, on August 9, 2012, a jury convicted defendant on four counts of wire fraud in Case No. 10 CR 641. Judge Kocoras sentenced defendant to a term of imprisonment of sixty months to be followed by three years of supervised

1

release on August 18, 2011 in Case No. 09 CR 741. Judge Bucklo sentenced Chapman to a consecutive term of imprisonment of sixty-five months to be followed by three years of supervised release on February 22, 2013 in Case No. 10 CR 642. The Court also ordered defendant to pay restitution to the victims of his crimes in both cases in amounts of, respectively, $72,000.91 and $325,000.[1]

Chapman is currently serving his 125-month sentence at FCI Forrest City (Low Security) in Arkansas. Including good-time credit, he has served approximately 110 months. According to the Bureau of Prisons (BOP) website, he is scheduled to be released on March 10, 2021.[2]

**B. Analysis**

Under 18 U.S.C. § 3582(c)(1)(A), this court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Chapman has exhausted here.

---

[1] Both convictions were affirmed by the Seventh Circuit Court of Appeals. *United States v. Chapman*, 692 F.3d 822 (7th Cir. 2012); *United States v. Chapman*, 763 F.3d 689 (7th Cir. 2014).

[2] According to the government, the BOP is considering Chapman for release to home confinement but has not yet made a final decision. (Dkt. 193 at 2) & (Dkt. 198 at 3) ("According to BOP counsel, the BOP is currently processing defendant for home confinement although no final decision has been made by the BOP.")

Once the exhaustion requirement is met, the court may reduce the defendant's term of imprisonment, giving due consideration to the factors in 18 U.S.C. § 3553(a), if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). Chapman bears the burden to establish that he is eligible for such a sentence reduction.

In terms of establishing an extraordinary and compelling reason, the Guideline's commentary suggests that a person "suffering from a terminal illness," such as "metastatic solid-tumor cancer …" would qualify as establishing "extraordinary and compelling reasons" for release. USSG § 1B1.13, cmt. n.1(A)(i). The Guidelines commentary also suggests that age is a basis for release if the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical health … because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13, cmt. n.1(B). Chapman qualifies under either analysis.

Chapman is 66 years old and has served over 85% of his sentence. He suffers from hypertension and hyperlipidemia (high cholesterol). More concerning is that he was diagnosed with prostate cancer in June of 2019. For a time, he was transferred for Butner, North Carolina for treatment and continues to receive a chemotherapy drug (Lupron) at his home institution. According to medical records he is due for another dose of Lupron in June of 2020. According to guidance issued by the Centers

3

for Disease Control and Prevention (CDC), an individual with a serious heart condition, such as pulmonary hypertension, or who is immune-compromised because he is undergoing cancer treatment may be at higher risk for severe illness from COVID-19. Chapman has at least two CDC risk factors.

Moreover, the Low Security Unit at Forest City has an active and as of now seemingly uncontrolled COVID-19 outbreak. According to the pleadings, on April 1, 2020, 101 inmates tested positive for COVID-19, as of May 19, 2020 that number had climbed to 301. As of May 23, 2020, the number was at 363 inmates and 1 staff member testing positive.[3] In fact, on that date Forest City Low Security Unit is at the top of the BOP's chart in terms of positive cases. (The Medium Security United at Forest City has no reported positive cases). Given the self-evident impossibility of social distancing in a setting of incarceration, even one of low security, Chapman's continued incarceration poses a real threat to his health and safety. The Court therefore finds that Chapman has presented an extraordinary and compelling reason allowing compassionate release under 18 U.S.C. § 3582(c)(1) and the applicable guideline policy statement.

The Court must also consider the 18 U.S.C. § 3553(a) factors, including the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, the impact of BOP's efforts to maintain the safety of inmates, and the time remaining on his sentence. 18 U.S.C. § 3852(c)(1)(a); U.S.S.G. § 1B1.13.

---

[3] https://www.bop.gov/coronavirus/ (last visited 5.23.20)

Chapman received two serious sentences ordered to run consecutively in part because of (1) his previous convictions; and (2) he committed the conduct underlying the second conviction while on bond for the conduct underlying the first. However, as stated, he has served over 85% of his sentence for those offenses and he is nearly a decade older and in much poorer health. So while his risk of recidivism was certainly a factor at sentencing, it is (hopefully) reduced due to his ill health and advanced age. Further, upon release Chapman will continue to be at risk of COVID-19 and will be under medical advice need to minimize contacts and activities while he remains immunocompromised.

In addition, Chapman's progress report shows that he has not had a disciplinary incident in three years and his only disciplinary incidents have been minor. His BOP adjustment reports indicate that "Chapman interacts appropriately with staff and inmates. He is not considered to be a management concern." (Dkt. 193, Ex. C). Finally, Mr. Chapman has significant family support. He will be able to reside with his wife. His wife and daughter and son-in-law are able to drive to Arkansas to transport him home. These factors weigh in favor of a finding that Mr. Chapman is not a risk of recidivism.

## C. Conclusion

Considering all the 3553(e) factors, the Court reduces Mr. Chapman's sentence in 09 CR 741 to time served. He is to be release by the Bureau of Prisons. He is to immediately begin his 3 years supervised release and is to report to the

United States Probation Office by telephone within 72 hours of release. When he arrives home, he must self-quarantine for 14 days.

E N T E R:

Dated: June 2, 2020

MARY M. ROWLAND
United States District Judge